FILED
2020 Jan-02  AM 10:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRCIT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **KIMBERLY MITCHELL, an Individual,** | ) | |
| | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | **JURY DEMAND** |
| **TALLADEGA CITY BOARD OF EDUCATION, JAMES "JAKE" MONTGOMERY, individually and in his official capacities as a member and chair/ president of the Talladega City Board of Education, CHUCK ROBERTS, individually and in his official capacity as a member of the Talladega City Board of Education; JAMES BRASWELL, individually and in his official capacity as a member of the Talladega City Board of Education, SHIRLEY SIMMONS-SIMMS, individually and in her official capacity as a member of the Talladega City Board of Education, DR. DARIUS WILLIAMS, in his Individual and official capacity as Principal, and TONY BALL, individually and in his official capacity as Superintendent of the Talladega City Board of Education** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

## COMPLAINT

COMES NOW the Plaintiff, KIMBERLY MITCHELL ("Mitchell"), by and through her attorney of record, and for her Complaint against the Defendants, TALLADEGA CITY BOARD OF EDUCATION, ("Board"), JAMES "JAKE" MONTGOMERY ("Montgomery"), CHUCK ROBERTS ("Roberts"), JAMES BRASWELL ("Braswell"), SHIRLEY SIMMONS-SIMMS ("Simmons-Simms"), TONY BALL, ("Ball"), DARIUS WILLIAMS, ("Williams"), state as follows:

## I. JURISDICTION AND VENUE

1.   The jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1331 (Federal question) and 28 U.S.C. §1343 (Civil Rights).

2.   The suit is authorized and the jurisdiction of the Court is invoked to secure protection of and redress the depravation of rights secured by the Americans with Disabilities Act, as amended ("ADAAA") 42 U.S.C. §12102 *et. seq.*, on the basis of disability discrimination; and by the Family Medical Leave Act, 29 U.S.C. § 2601 *et. seq.*; C.F.R. §825.220(c) on the basis of retaliation; and 42 U.S.C. 1983 based on the Equal Protection Clause of the United States Constitution.

3.   Venue is proper pursuant to 28 U.S.C. §1391 because all parties are located or conducting business within the Northern District of

Alabama, and the acts complained of took place in the Northern District of Alabama, Eastern Division.

4.    Mitchell has fulfilled all conditions precedent to the institution of this action under the ADAAA, 42 U.S.C. §12101 *et. seq*.

5.    On May 24, 2019, Mitchell timely filed her charge of discrimination within 180 days of occurrence of the last discriminatory act. (See Charge of Discrimination attached hereto as Exhibit A).

6.    On October 2, 2019, the EEOC issued its Right to Sue, and it was received by Mitchell on October 4, 2019. (See Right to Sue Letter and Envelope attached hereto as Exhibit B).

7.    Mitchell timely files this lawsuit within 90 days of her receipt of her "Right-to-Sue" letter from the EEOC.

8.    Out of an abundance of caution, Mitchell also requested a "Right-to Sue" letter from the Department of Justice as one of the Defendants is a governmental entity, however, the Department of Justice has not yet responded as of the date of this filing[1]. (See Letter to Attorney General attached as Exhibit C).

---

[1] Since Langston v. Lookout Mountain Community Services, 2019 _____ Fed. Appx. __ (2019); 2019 WL 2372314 (11th Cir. June 5, 2019), the undersigned counsel has issued a similar letter to the Department of Justice on all of her cases involving a governmental defendant even when the EEOC did not make a cause finding. Each time, the Department of Justice has written a letter stating it has reviewed the EEOC's regulations governing the issuance of a Notice of Right-to-Sue for charges involving government entities, and

9.     There are no statutory prerequisites to the FMLA or to 42 U.S.C. 1983.

## II.    PARTIES

10.     The Plaintiff, Mitchell, is over the age of nineteen, is a citizen of the United States and is resident of the State of Alabama, within the Northern District of Alabama, Eastern Division.

11.     The Defendant, Talladega City Board of Education (hereinafter "Board" or "Defendant"), is located, and doing business, within the Northern District of Alabama, Eastern Division.

12.     The Defendant, Talladega City Board of Education is an employer within the meaning of both the ADAAA and the FMLA as it employs more than 50 persons for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year within 75 miles of Plaintiff's worksite.

        a. Board Member, the Defendant, Montgomery, is over the age of nineteen, is a citizen of the United States and is a resident of the State of Alabama, within the Northern District of Alabama, Eastern Division. At all material times to this Complaint, Montgomery was a

based on said review the Department of Justice does not have jurisdiction to issue the Right-to-Sue letters where the EEOC did not find cause. (See sample Department of Justice response letter attached as Exhibit D). The Plaintiff will provide notice to the court upon receiving said letter in this case, but avers she is required to go ahead and file this case within 90 days of the "Right-to-Sue issued by the EEOC.

member of Talladega City Schools Board. He is being sued in his individual and official capacity.

b. Board Member, the Defendant, Roberts, is over the age of nineteen, is a citizen of the United States and is a resident of the State of Alabama, within the Northern District of Alabama, Eastern Division. At all material times to this Complaint, Roberts was a member of Talladega City Schools Board. He is being sued in his individual and official capacity.

c. Board Member, the Defendant, Braswell, is over the age of nineteen, is a citizen of the United States and is a resident of the State of Alabama, within the Northern District of Alabama, Eastern Division. At all material times to this Complaint, Braswell was a member of Talladega City Schools Board. He is being sued in his individual and official capacity.

d. Board Member, the Defendant Simmons-Simms, is over the age of nineteen, is a citizen of the United States and is a resident of the State of Alabama, within the Northern District of Alabama, Eastern Division. At all material times to this Complaint, Simmons-Simms was a member of Talladega City Schools Board. She is being sued in her individual and official capacity.

13. The Defendant, Tony Ball, is over the age of nineteen, is a citizen of the United States and is a resident of the State of Alabama, within the Northern District of Alabama, Eastern Division. At all material times to this Complaint, Tony Ball was Talladega City Schools Superintendent. He is being sued in his individual and official capacity.

14. The Defendant, Darius Williams, is over the age of nineteen, is a citizen of the United States and is a resident of the State of Alabama, within the Northern District of Alabama, Eastern Division. At all material times to this Complaint, Darius Williams was a Principal with Talladega City Schools. He is being sued in his individual and official capacity.

## III.  FACTUAL ALLEGATIONS

15. Mitchell was employed by the Talladega City School Board as a teacher.

16. In or around April 2018, Mitchell took FMLA leave to undergo Achilles tendon surgery.

17. Mitchell's leave was approved by the Talladega City School Board.

18. Mitchell was an eligible employee due to the fact she had worked 1250 hours preceding the request for leave and she had been employed with the Talladega City School Board for over one year.

19.   After the surgery, Mitchell had a physical impairment that substantially limited a major life activity: walking.

20.   Mitchell was required to use the assistance of crutches to walk.

21.   With the use of crutches, Mitchell could perform, and did perform, all of the essential functions of her job.

22.   On or about July 2, 2018, Mr. Ball was voted into the Superintendent position.

23.   During that summer, at a system-wide institute, Superintendent Ball met Mitchell while she was still on crutches.

24.   Superintendent Ball had several other encounters, prior to Defendant Talladega City School Board's vote, with Mitchell while she was on crutches.

25.   Both Superintendent Ball and Principal Williams knew Mitchell took leave for surgery and returned on crutches.

26.   At the end of July, 2018, Darion Simmons became Assistant Principal to the middle school.

27.   Prior to becoming Assistant Principal, Darion Simmons had been the math teacher at the high school beginning in 1998 or 1999.

28.   On or about August 30, 2018, the position of Career Technical Education Coordinator was posted.

29. Mitchell was the most qualified applicant for the position.

30. At the time the position was posted, Mitchell had been employed as a teacher for 22 years, 17 of which she was employed by Talladega City School Board.

31. During her employment with the Talladega City School Board, Mitchell taught the career tech curriculum, Mitchell's students became state and national officers in career tech, Mitchell received accolades for her work in career tech, and Mitchell served on many career tech boards.

32. For the first time, the posting for the position included a responsibility that applicants must, "possess physical and emotional ability and dexterity to perform required work and move about as needed in a fast paced, high intensity work environment."

33. All postings for Career Tech Coordinator preceding this posting did not contain this physical requirement.

34. The similar posting for Technology Coordinator, dated August 20, 2018, did not contain the same physical requirement.

35. The similar posting for Child Nutrition Coordinator, dated August 21, 2018, did not contain the same physical requirement.

36. Superintendent Ball and his staff prepared the postings.

37. On or about September 1, 2018, Mitchell, who was still on crutches, personally appeared in the office, spoke with Superintendent Ball, and applied for the position.

38. On or about September 26, 2018, Mitchell was interviewed by Superintendent Ball, Principal Williams, and Gloria Thomas for the position while she was still on crutches.

39. On or about October 11, 2018, Defendant Talladega City School Board held a board meeting.

40. Prior to this board meeting, board member Mary McGhee asked Principal Williams why Plaintiff was not going to get the position, and he responded, "She can't even walk to my office."

41. Ms. McGhee shared the conversation she had with Principal Williams with Transportation Director, Wanda Cochran.

42. Ms. Cochran informed Mitchell what was said by Principal Williams and then told her that the only thing used against her was her foot.

43. Wanda Cochran also heard Cheryl Mosely, Accounts Payable Clerk, state Mitchell "was never at work", when discussing whether she would make a good Career Tech Director.

44. On or about October 11, 2018, there was no quorum and the meeting was moved to the following day on or about October 12, 2018.

45.    At the October 12, 2018 board meeting, Debbie Cochran was selected Interim Coordinator.

46.    Subsequent to the October 12, 2018 board meeting, Superintendent Ball withdrew the tentative offer already extended to another candidate.

47.    On or about October 12, 2018, the position was reposted by Superintendent Ball instead of making another offer to the remaining two candidates.

48.    There was no reason to repost the position when the most qualified applicant, Mitchell, had already applied and been interviewed.

49.    Mitchell applied for this position as second time.

50.    On or about October 29, 2018, Joseph Huss, who wrote a letter in support of Mitchell for the position, was called into a meeting with Superintendent Ball and in an angry manner told he was not entitled to IT like, "Mitchell is not entitled to career tech."

51.    On or about Tuesday, October 30, 2018, Mitchell was in a meeting with Ms. Cochran and Principal Williams wherein she specifically asked if there were any issues with her performance so that she could self-correct those problems.

52. During the meeting, on or about October 30, 2018, Mitchell was told by Ms. Cochran and Principal Williams there were no issues with her performance and said everything was fine.

53. On or about Thursday, November 1, 2018, Mitchell appeared for a meeting with Superintendent Ball, School Resource Officer Tania Stephens,, and Darian Simmons, Assistant Principal at the Jr. High School.

54. During the November 1, 2018 meeting, Superintendent Ball asked Mitchell about her lesson plans, discussed her attendance, and asked her to rate her performance. They also asked Mitchell about allegations against another teacher. Superintendent Ball informed Mitchell he watched her Facebook posts.

55. During the November 1, 2018 meeting, Mitchell replied the first two weeks were difficult because she was coming back from surgery, but her students had not missed anything that she would normally do and she was still carrying all of the responsibilities of her job.

56. During the November 1, 2018 meeting Mitchell explained in the 2016-2017 year, she worked significant overtime, and in 2018, her only absences were for her surgery.

57. On or about November 27, 2018, Defendant Talladega placed Darian Simmons in the position.

58. Darian Simmons had no experience in career technical education.

59. Darian Simmons only had one month of administrative experience at the time of the first posting for the Career Tech Education Coordinator.

60. Darian Simmons did not apply for the first posting.

61. When Darian Simmons received the position, it resulted in Talladega City School board having no female administrators in the high school.

62. After Darian Simmons received the position he asked Mitchell for assistance in performing the job, and announced Mitchell as being his right-hand man.

63. Superintendent Ball and Principal Williams acknowledge they were aware Mr. Simmons had, "no experience in Career Technical Education" when he was selected.

## IV.  CLAIMS

The defendants discriminated against Mitchell because of her disability and gender, in job promotions, and other terms conditions and privileges of employment as follows:

### COUNT I – DISABILITY DISCRIMINATION-
### FAILURE TO PROMOTE

64.   Mitchell is a member of a protected class as she was disabled.

65.   Defendants were aware of and/or perceived Mitchell as having a disability.

66.  Mitchell's disability substantially limited major life activities of performing manual tasks, such as walking.

67.   Even with her disability, Mitchell would have been able to perform the essential functions of the job for which she applied with the use of crutches until she healed.

66.   A non-disabled individual: Darian Simmons, was hired as the Career Technical Educational Coordinator.

67.  Simmons did not have any experience in career tech and sought assistance from Mitchell how to perform the job.

68.   There was no stated reason for Mitchell not receiving the position.

69.   The Defendants claims Simmons was more qualified as he had administrative experience.

70.   This reason for the selection is pretext as he only had 1 month of administrative experience at the time of the first posting, and had not even applied for the first posting of the position.

71.   As a result of the foregoing, Mitchell was caused to be injured and damaged; to forego compensation/wages (front and back pay plus interest) and benefits; to have her career significantly adversely impacted; and to endure stress, humiliation, shame, loss of self-esteem, mental anguish, and emotional distress.

72.   As a result of the Defendant's willful and unlawful violations of the ADAAA, the Plaintiff is seeking compensatory damages, punitive damages, attorney's fees and costs of litigation.

## COUNT II- FMLA RETALIATION

73.   The Plaintiff adopts and re-asserts each and every allegation contained in paragraph 72 as if fully set out herein.

74.   The Plaintiff was an eligible employee as provided by the FMLA in that she had worked for the Defendant for more than one (1) year and had worked 1250 hours within the previous 12 month period. 29 U.S.C. § 2611(2).

75.   The Defendant, Talladega City School Board was an employer within the meaning of the FMLA in that it employed more than 50 employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. 29 U.S.C. §2611(4).

76.     The Plaintiff was entitled to a total of 12 workweeks during the 12 month period for the birth of her child. 29 U.S.C. §2612(a)(1)(A).

77.     The Plaintiff engaged in the protected activity by taking FMLA leave for her surgery.

78.     The Defendants, Talladega City School Board, and Talladega City School Board Members, Montgomery, Roberts, Braswell, Simmons-Simms, in their individual capacity, and Tony Ball Superintendent, and Principal Darius Williams, retaliated against Mitchell in violation of the FMLA when they failed to promote her because she had taken FMLA leave for her surgery.

79.     As a result of the Defendant's willful and unlawful violations of the FMLA, the Plaintiff has been caused to suffer loss of wages or salary, loss of benefits, loss of other compensation, to have her career significantly adversely impacted; and to endure stress, humiliation, shame, loss of self-esteem, mental anguish, and emotional distress. She is also seeking liquidated damages. 29 U.S.C. §2617.

80.     As a result of the Defendant's willful and unlawful violations of the FMLA, the Plaintiff is seeking compensatory damages, punitive damages, liquidated damages, attorney's fees and costs of litigation. 29 U.S.C. §2617.

## COUNT III- 1983-EQUAL PROTECTION-
## FAILURE TO PROMOTE

81. Plaintiff hereby adopts and re-alleges paragraphs one (1) through eighty one (80) herein above as if fully set forth herein.

82. Defendants, Talladega City School Board, and Talladega City School Board Members, Montgomery, Roberts, Braswell and Simmons-Simms, in their individual and official capacity, and Tony Ball Superintendent in his individual and official capacity, and Principal Darius Williams in her individual and official capacity subjected Mitchell to adverse treatment and discrimination because of her gender with respect to the terms and conditions of his employment and termination.

83. Mitchell is female, and a member of a protected class.

84. Mitchell was qualified for the position of Career Tech Education Coordinator.

85. Despite the fact Mitchell was qualified for the position, the Defendants continued to search for applicants and reposted the position.

86. The decision not to select Mitchell was made by the final policymakers of the Talladega City School Board, and was a result of a policy or custom.

87. Superintendent Tony Ball and Principal Williams personally participated in the constitutional violation when they recommended the

Talladega City School Board not to select Mitchell, reposted the position, then selected Darian Simmons, a male, for the position.

88. The Talladega City School Board members Montgomery, Roberts, Braswell and Simmons-Simms personally participated in the constitutional violation when they voted not to select Mitchell, to allow Superintendent Ball to re-post the position, then voted to accept Ball's selection of Darian Simmons.

89. Mitchells' gender was a motivating factor in Defendants' unlawful and adverse treatment of her.

90. Mitchell was not promoted because of her gender.

91. When Defendants selected Simmons, there were no longer any female administrators at the high school.

92. Defendants acted with malicious intent and/or reckless disregard for Mitchell's' federally protected rights.

93. Defendants have a habit and/or practice of discriminating against females, and condoning and/or allowing gender discrimination.

94. The stated reason for not selecting Mitchell is pretext because Simmons had no career tech experience, and only 1 month experience at the time of the first posting.

95. As a proximate cause and cause in fact of said gender

discrimination, the Plaintiff was caused to suffer the following injuries and damages: compensatory damages including but not limited to: lost wages (front and back pay with interest), damage to career, lost benefits, shame, humiliation, embarrassment, stress, anxiety, anger, helplessness, emotional distress, pain, suffering, and out of pocket expenses.

96.   As a result of the Defendant's willful and unlawful violations of the FMLA, the Plaintiff is seeking compensatory damages, punitive damages, attorney's fees and costs of litigation.

## VI.   PRAYER FOR RELIEF

WHEREFORE, the plaintiff, Mitchell, respectfully prays that this Court assume jurisdiction of this action and after trial:

1.   Enter an Order requiring the defendant to make Mitchell whole by awarding her compensatory, punitive damages, and liquidated damages to include, but not limited to lost wages (both back pay and future pay) plus interest, loss of benefits, including the lost difference in retirement, the lost difference in pension, seniority, and other benefits of employment, embarrassment, humiliation, shame, damage to reputation, damage to career, mental distress, emotional and physical pain and anguish, and out of pocket expenses.

2.     The Plaintiff further prays for such other relief and benefits as

the cause of justice may require, including, but not limited to, an award of

costs, attorney's fees and expenses.

## THE PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.

Respectfully Submitted,

Patricia a. Gill

Patricia A. Gill
GIL047
Attorney for Plaintiff

## OF COUNSEL:

PATRICIA A. GILL, P.C.
PO Box 55304
Birmingham, AL 35255
Phone: (205) 789-1906
Facsimile:  (205) 930-9809
E-Mail:  patriciagill@yahoo.com

## PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:

Talladega City Board of Education
106 South Street W, Ste. A
Talladega, AL 35160

JAMES "JAKE" MONTGOMERY
c/o Talladega City Board of Education
106 South Street W, Ste. A
Talladega, AL 35160

CHUCK ROBERTS
c/o Talladega City Board of Education
106 South Street W, Ste. A
Talladega, AL 35160

JAMES BRASWELL
c/o Talladega City Board of Education
106 South Street W, Ste. A
Talladega, AL 35160

SHIRLEY SIMMONS-SIMMS
c/o Talladega City Board of Education
106 South Street W, Ste. A
Talladega, AL 35160

Tony Ball
c/o Talladega City Board of Education
106 South Street W, Ste. A
Talladega, AL 35160

Darrius Williams
c/o Talladega City Board of Education
106 South Street W, Ste. A
Talladega, AL 35160