# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **KIMBERLY MITCHELL,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | **1:19-cv-02134-ACA** |
| ] | |
| **TALLADEGA CITY BOARD** ] | |
| **OF EDUCATION, et al,** ] | |
| ] | |
| **Defendant.** ] | |

## MEMORANDUM OPINION

Before the court is Defendant Tony Ball and Dr. Darius Williams' motion to dismiss the claim asserted against them in Plaintiff Kimberly Mitchell's amended complaint. (Doc. 20). Because the Plaintiff has not pleaded a *prima facie* case of gender-based discrimination against Mr. Ball and Dr. Williams, the court **WILL GRANT** the motion and **WILL DISMISS** Mr. Ball and Dr. Williams as defendants.

## I.   BACKGROUND

This is a gender and disability discrimination case. In August 2018, the Talladega City Board of Education posted a position for Career Technical Education Coordinator. (Doc. 17 at 7 ¶ 28). The position required that applicants "possess physical and emotional ability and dexterity to perform required work and move about as needed in a fast paced, high intensity work environment." (*Id.* at 8 ¶ 32).

Ms. Mitchell, a career tech teacher with 17 years' experience teaching for Talladega City Schools, applied for the position. (Doc. 17 at 6 ¶ 30, 9 ¶ 37).

In September 2018, Talladega City Schools Superintendent Ball, Talladega High School Principal Dr. Williams, and Gloria Thomas interviewed Ms. Mitchell for the position. (*Id.* at ¶ 38). Within two weeks of her interview, Mr. Ball extended—and subsequently withdrew—a tentative offer to one of the candidates for the position. (*Id.* at ¶ 46). Thereafter, the Talladega City School Board ("the Board") appointed Debbie Cochran as Interim Coordinator and reposted the position. (*Id.* at 10 ¶¶ 45, 47).

Ms. Mitchell applied for the position a second time. (Doc. 17 at 10, ¶ 49). The Board chose Darian Simmons, a male Assistant Principal at Talladega Middle School, for the position. (*Id* at ¶ 57). According to Ms. Mitchell, Mr. Simmons had no experience in career technical education and only one month of administrative experience at the time of the first posting for the Career Tech Education Coordinator. (Doc. 17 at 12, ¶¶ 58–59). After Mr. Simmons was hired for the position, he asked Ms. Mitchell for assistance in performing the job and announced her as his "right-hand man." (*Id.* at ¶ 62).

Ms. Mitchell filed a complaint alleging disability discrimination with the Equal Employment Opportunity Commission ("EEOC"). After the EEOC issued its

"Right-to-Sue" letter in October 2019 (doc. 17-2), Ms. Mitchell filed this lawsuit (doc. 1).

Count III contains the sole count against Mr. Ball and Dr. Williams. In it, Ms. Mitchell alleges that the Board violated her right to Equal Protection by failing to promote her because of her gender. (Doc. 16 at 16 ¶ 81). Ms. Mitchell contends that Mr. Ball and Dr. Williams "personally participated in the constitutional violation when they created the new posting with the gender specific language 'emotional ability,' when they recommended the Talladega City School Board not to select Mitchell, reposted the position, then selected Darian Simmons, a male, for the position." (Doc. 16 at 17 –18 ¶ 92).

## II.   DISCUSSION

Mr. Ball and Dr. Williams move to dismiss the claims asserted against them in Ms. Mitchell's amended complaint. (Doc. 20). Mr. Ball and Dr. Williams argue that they should be dismissed from Ms. Mitchell's amended complaint because there is no factual basis pleaded to support her gender-based Equal Protection claim against them.

To establish a failure to promote claim, a plaintiff must show (1) that she belongs to a protected class, (2) that she applied for and was qualified for a promotion, (3) that she was rejected despite her qualifications, (4) that other equally or less qualified persons outside of the class were promoted. *Brown v. Ala. Dep't of*

*Transp.*, 597 F.3d 1160, 1174 (11th Cir. 2010).  Ms. Mitchell seeks to attach liability to Mr. Ball and Dr. Williams because they created the job posting and allegedly recommended against hiring her.  To prevail under this theory, Ms. Mitchell must establish that Mr. Ball and Dr. Williams were the actual decisionmakers who decided which candidate to hire.  *Quinn v. Monroe Cty.,* 330 F.3d 1320, 1326 (11th Cir. 2003) (*citing Stimpson v. City of Tuscaloosa*, 186 F.3d 1328, 1331–1332 (11th Cir. 1999)).

From the outset, it should be noted that there are no allegations that either Mr. Ball or Dr. Williams participated in the decision to hire Mr. Simmons.  But even if there was, Ms. Mitchell's claims against Mr. Ball and Dr. Williams still fail because neither Mr. Ball nor Dr. Williams had the authority to decide whether to promote Ms. Mitchell.  Under Alabama law, the decision to promote lies exclusively with the Board.  *See* Ala. Code §§ 16-12-16, 16-22-15(b) (1975).  Ms. Mitchell does not dispute this fact.  (Doc. 23 at 11). In fact, Ms. Mitchell admits in her amended complaint that the Board made the decision not to promote her to Career Tech Coordinator, not Mr. Ball or Dr. Williams.  (Doc. 17 at 17 ¶ 87).  Because Mr. Ball and/or Dr. Williams' recommendation did not, itself, determine whether Ms. Mitchell would be promoted, there is an insufficient causal link between the decision not to promote her and any discriminatory animus behind the recommendation.  *Stimpson*, 186 F.3d at 1331.

4

## IV. CONCLUSION

Based on the foregoing, the court **WILL GRANT** Mr. Ball and Dr. Williams' motion to dismiss and **WILL DISMISS** them as defendants. The court will enter a separate final order consistent with this memorandum opinion.

**DONE** and **ORDERED** this July 29, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE